IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**CLIFFORD WASHINGTON, Individually and**                                   **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                                   No. 7:19-cv-186

**SPOTTED LAKES, L.L.C.**                                                            **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Clifford Washington, individually and on behalf of all others similarly situated, by and through his attorneys Josh Sanford and Merideth McEntire of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Spotted Lakes, L.L.C. (referred to herein as "1845"), and in support thereof he does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant pursuant to Section 216(b) of the FLSA.

2. The proposed Section 216 class is composed entirely of employees who are or were Sand Haulers for Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their rights under applicable federal wage and hour laws.

3. The proposed Section 216 class will seek recovery of monetary damages for regular and overtime hours worked by Plaintiff and the putative class members.

4. Plaintiff, both individually and on behalf of all others similarly situated, brings

this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated a lawful minimum wage and overtime compensation for all hours worked in excess of forty hours in a single week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

6. Plaintiff files herewith his written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

## II.    JURISDICTION AND VENUE

7. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

8. The acts complained of herein were committed and had their principal effect against Plaintiff within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

9. Plaintiff Clifford Washington is a resident and citizen of Smith County. He has been employed by Defendant to deliver sand in West Texas since approximately June of 2019.

10. 1845 is a domestic limited liability company, created and existing under and

by virtue of the laws of the State of Texas, providing transportation services in the oil and gas industry.

11. 1845 operates from a centralized office in Weatherford, but it performs transportation services throughout Texas.

12. Defendant does business as 1845 Oil Field Services.

13. 1845's primary business purpose is to provide transportation and logistics services and employs sand haulers, including Plaintiff, to accomplish this goal.

14. 1845's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15. During each of the three years preceding the filing of this Complaint, 1845 employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including goods or materials typically used in the oil and gas industry.

16. 1845's registered agent for service of process in Texas is Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, Texas 77056.

## IV.    FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

18. Plaintiff has worked as a Sand Hauler for Defendant within the three years preceding the filing of the Original Complaint.

19. At all times material herein, Plaintiff and other Sand Haulers have been

entitled to the rights, protection and benefits provided under the FLSA.

20. Defendant directly hired Plaintiff and all others similarly situated to work in the oil fields for Defendant, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. 1845 is an "employer" within the meaning set forth in the FLSA and, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

22. Within the time period relevant to this case, Plaintiff and other Sand Haulers were misclassified as exempt for purposes of the FLSA and paid a piece rate for their deliveries.

23. Plaintiff's duties as a Sand Hauler included picking up sand from a rock quarry and delivering it to oilfield sites in Texas.

24. Plaintiff and other Sand Haulers regularly worked more than 40 hours per week for Defendant.

25. Defendant knew or should have known that the job duties of Plaintiff and other similarly situated employees required them to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiff and other similarly situated employees for their work as required by the FLSA.

26. Defendant purposefully and knowingly classified Sand Haulers as exempt from the overtime requirements of the FLSA.

### V.    REPRESENTATIVE ACTION ALLEGATIONS

27. Plaintiff repeats and re-allege all previous paragraphs of this Complaint as

though fully incorporated herein.

28. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Sand Haulers who were or are employed by Defendant and who are entitled to payment of a lawful minimum wage and overtime wages which Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case. The Collective Class is defined as follows:

**All Sand Haulers employed within the past three years.**

29. Defendant failed to pay these workers at the proper minimum wage and an overtime rate. These employees are similarly situated to Plaintiff and are owed minimum wage and overtime for the same reasons.

30. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A. Defendant's uniform misclassification of them as exempt employees under the FLSA;

B. Defendant's failure to pay members of the class a lawful minimum wage in violation of the FLSA; and

C. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA.

31. Plaintiff is unable to state the exact number of the class but believe that the class exceeds 40 persons.

32. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

33. The names, mailing addresses, phone numbers and email addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should

be provided to the probable FLSA collective action Plaintiffs via first class mail and email or text message to their last known mailing and email addresses or phone numbers as soon as possible.

34. Sand Haulers are by category not at their residences as frequently as many other working-class Americans. As such, they rely on email and text message just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email or text message as opposed to traditional U.S. Mail.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of FLSA)

35. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

36. 29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) hours in a week and one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

37. Defendant intentionally misclassified Plaintiff as exempt from the minimum wage and overtime requirements of the FLSA and paid him a piece rate.

38. Defendant deprived Plaintiff of a lawful minimum wage for all hours worked up to forty (40) per week and overtime compensation for all hours over forty (40) per week in violation of the FLSA.

39. Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

40. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff

for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

41. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

42. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

43. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA.

44. Defendant intentionally misclassified Plaintiff and those similarly situated as exempt from the minimum wage and overtime requirements of the FLSA and paid them a piece rate.

45. Defendant deprived Plaintiff and those similarly situated of a lawful minimum wage for all hours worked up to forty (40) per week and overtime compensation for all hours over forty (40) per week in violation of the FLSA

46. Defendant's conduct and practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

47. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

48. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and similarly situated members of the class as provided by the FLSA, Plaintiff and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. WILLFULNESS

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

50. All actions by Defendant were willful and not the result of mistake or inadvertence.

51. Defendant knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

52. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving unpaid wage claims for positions very similar to the Sand Haulers.

53. Despite being on notice of its violations, Defendant chose to continue its policies and practices described above which resulted in Plaintiff and other members of the proposed collective class working overtime hours for which they were not compensated and not being paid a lawful minimum wage.

54. Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendant about the unlawfulness of Defendant's manner of payment and policies related to improper payment procedures.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Clifford Washington, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)     That Defendant be summoned to appear and answer herein;

(b)     That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c)     A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)     Judgment for damages for all unpaid minimum wages and overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

(f)     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiff and members of the class during the applicable statutory period;

(g)     An order directing Defendant to pay Plaintiff and the class members prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h)     Such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        **CLIFFORD WASHINGTON,**
        **Individually and on behalf of All**
        **Others Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 S. Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

By:   */s/ Merideth Q. McEntire*
        Merideth Q. McEntire
        Tex. Bar No. 24105123
        merideth@sanfordlawfirm.com

        */s/ Josh Sanford*
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com